ELECTRONICALLY
FILED
Jan 03 2019
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH W. PARKER,

     Plaintiff,

v.                      CIVIL ACTION NO.: __1:19-cv-4__ (Judge Keeley)
                             (Harrison County Civil Action No: 18-C-301-2)

SAFETY MANAGEMENT SYSTEMS, LLC,
and ANTERO RESOURCES CORPORATION,

     Defendants.

## NOTICE OF REMOVAL

     Defendants Safety Management Systems, LLC ("SMS") and Antero Resources Corporation ("Antero"), by counsel, jointly remove this civil action from the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As more fully explained herein, removal is proper because this Court has subject matter jurisdiction over this action due to diversity jurisdiction pursuant to 28 U.S.C. § 1332, and all of the other requirements of removal have been satisfied. The grounds for removal are as follows:

     1.    This action originally was commenced in the Circuit Court of Harrison County, West Virginia on or about December 4, 2018, and is now pending in that court. Copies of the Summons and Complaint, which were duly filed in the office of the Clerk of the Circuit Court of Harrison County, and which are the only process or pleadings served on Defendants, are attached as "Exhibit 1." The docket sheet from the state court action is attached as "Exhibit 2."

     2.    The Summons and Complaint were served upon SMS through the West Virginia Secretary of State, who accepted service of process on SMS's behalf on December 7,

2018. The Summons and Complaint were served upon Antero through the West Virginia Secretary of State, who accepted service of process on Antero's behalf on December 7, 2018.

3.     This Notice of Removal is timely under 28 USC §1446(b) because the same was filed within thirty (30) days after service of the Summons and Complaint.  Further, it is filed within one year of commencement of this action.

4.     A Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Harrison County, West Virginia, a copy of which is attached hereto as "Exhibit 3."

5.     Venue is proper in this Court because this District and Division encompass the Circuit Court of Harrison County, West Virginia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

6.     Jurisdiction is vested in the Court pursuant to 28 U.S.C. § 1332. As set forth in the Corporate Disclosure Statement attached as "Exhibit 4," SMS is a limited liability company organized under the laws of the State of Louisiana. For diversity purposes, the citizenship of an LLC is that of its members. *Patrick v. Teays Valley Trustees, LLC*, Civil Action No. 3:12-CV-39, 2012 WL 5993163, at *1 (N.D.W. Va. Nov. 30, 2012). SMS's member is Acadian Ambulance Service, Inc.  The citizenship of a corporation is the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2012). Acadian Ambulance Service is incorporated in the State of Louisiana, and it principal place of business is Lafayette, Louisiana. Thus, SMS is a citizen of Louisiana. As set forth in the Corporate Disclosure Statement attached as "Exhibit 5," Antero is a Delaware Corporation, with it principal place of business in Denver, Colorado. Therefore, Antero is a citizen of Delaware and Colorado. The citizenship of an individual is determined by his domicile. *Patrick*, 2012 WL

8280270

5993163, at *1. Upon information and belief, Plaintiff Joseph W. Parker is domiciled in West Virginia. Therefore, there is complete diversity of citizenship between the parties.

7.     Because Mr. Parker has not set forth the amount of damages that he is claiming in the Complaint, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). In deciding whether the amount in controversy requirement has been met, the question is not what damages the plaintiff will *actually* recover, but rather, the monetary relief that *may* be granted to the plaintiff if he succeeds on all of his good-faith claims. *Zink v. Doe*, No. 5:14CV25, 2014 WL 1725812, at *2 (N.D.W. Va. May 1, 2014) (citing *Judy v. JK Harris & Co. LLC,* 2011 WL 4499316 (S.D.W.Va. Sept. 27, 2011)). In determining the amount in controversy, a court may consider "the type and extent of the plaintiff's injuries and the possible damages recoverable therefor, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases." *Id.* (internal quotation and citation omitted). "The court, in applying these principles, is not required to leave its common sense behind." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

8.     Here, Mr. Parker clearly puts more than $75,000 in controversy through his cause of action and claimed damages. He brings causes of action for race discrimination in violation of the West Virginia Human Rights Act ("WVHRA") and tortious interference with his employment relationship, seeking back and front pay, emotional distress damages, punitive damages, and attorneys' fees. Ex. 1, Compl. at 3-7. Mr. Parker's allegations center on SMS's decision not to hire him. The position for which Mr. Parker applied paid an hourly rate of approximately $29.30, with $50 per diem. Moreover, the position was a 14 day on/14 day off job. In the 14 working days, employees hired for the position typically work 12 hour days each

8280270

3

day, which normally results in 44 hours overtime in the 14 day working period. This case will not be ready for trial for a year. Thus, the lost wages Mr. Parker seeks alone put the amount in controversy at over $89,000.

9.     In addition, Mr. Parker seeks damages for emotional distress. While such non-economic damages are difficult to quantify, they may nevertheless be considered in determining the amount in controversy. *Id.* at *3. Emotional distress damages in employment discrimination cases may themselves approach or exceed $75,000. *See W. Va. Am. Water Co. v. Nagy*, No. 101229, 2011 WL 8583425, at *2 (W. Va. 2011) (noting jury awards in employment discharge case of $150,000 for humiliation, embarrassment, and loss of personal dignity and another $150,000 for emotional distress); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 188 W. Va. 57, 67, 422 S.E.2d 624, 634 (1992) (affirming jury award of $50,000 in emotional distress damages in employment discrimination case).

10.     Mr. Parker also seeks punitive damages. Punitive damages may be available in claims under the WHRA. Syl. Pt. 5, *Haynes v. Rhone-Poulenc, Inc.*, 206 W. Va. 18, 521 S.E.2d 331 (1999). A claim for punitive damages may also be considered in establishing the amount in controversy. *Zink*, 2014 WL 1725812, at *3. Under West Virginia law, punitive damages may be the greater of four times the amount of compensatory damages or $500,000. W. Va. Code § 55-7-29(c). Indeed, when calculating the amount in controversy, it has been noted that a claim for punitive damages, when properly recoverable, "inevitably inflates a plaintiff's potential recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000) (finding $75,000 amount in controversy was established when plaintiff sought only $7,505.40 in economic damages, but also sought emotional distress and punitive damages); *see also Heller v. TriEnergy, Inc.*, Civil Action No. 5:12–CV–45, 2012 WL 2740870, at *10

8280270

4

(N.D.W. Va. July 9, 2012) (considering plaintiff's claim for punitive damages in determining that jurisdictional amount in controversy was satisfied).

11.     Finally, Mr. Parker seeks attorneys' fees, which are also recoverable in claims brought under the WVHRA. W. Va. Code § 5-11-13(c). When attorneys' fees are allowed by statute, they are properly considered when determining the amount in controversy. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). "In the simplest of cases, attorneys [*sic*] fees often run into the thousands of dollars. If an action proceeds to a civil jury trial, fees can amount to a princely sum." *Miller v. John Q. Hammons Hotels, L.P.*, No. CV 2:04-00918, 2005 WL 8159362, at *3 (S.D.W. Va. Apr. 8, 2005). Indeed, attorneys' fees in employment discrimination cases can be substantial. *Calef v. FedEx Ground Packaging Sys.*, 343 Fed. App'x 891, 896 (4th Cir. 2009) (affirming this Court's award of $273,596 in attorneys' fees to plaintiff in disability discrimination case brought under WVHRA).

12.     Employment discrimination claims such as Mr. Parker's routinely place far more than $75,000 in controversy. *See, e.g., Calef*, 343 Fed. App'x at 896 (affirming overall award of over $1.2 million, including $808,328 in back pay, front pay, and emotional distress); *Alley v. Charleston Area Med. Ctr., Inc.*, 216 W. Va. 63, 78, 602 S.E.2d 506, 521 (2004) (noting jury award of $150,000 for emotional distress and $175,000 for lost wages in case of disability discrimination under WVHRA); *Constellium Rolled Prod. Ravenswood, LLC v. Griffith*, 235 W. Va. 538, 542, 775 S.E.2d 90, 94 (2015) (affirming jury verdicts of $250,000 in compensatory damages and an additional $250,000 in punitive damages in claims of discrimination in violation of the WVHRA). Common sense, as dictated by Mr. Parker's claims and past jury verdicts in similar cases, confirms that the jurisdictional minimum amount in controversy is met in this case.

13.     This Court has original jurisdiction of this civil action because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Consequently, this action is removable to this Court, as neither SMS nor Antero are citizens of West Virginia. *See* 28 U.S.C. § 1441.

WHEREFORE, Defendants Safety Management Systems, LLC and Antero Resources Corporation submit that this matter is properly removed from the Circuit Court of Harrison County, West Virginia, to this Court.

Dated the 3rd day of January, 2019.

Respectfully submitted,

/s/ *Maria Greco Danaher*

Maria Greco Danaher (WV ID #10986)
One PPG Place
Suite 1900
Pittsburgh, PA  15222
(412) 394-3390

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Of Counsel

*Counsel for Defendant Safety Management Systems, LLC*

/s/ *Mark G. Jeffries*

C. David Morrison (WV ID #2643)
Mark G. Jeffries (WV ID #11618)

STEPTOE & JOHNSON PLLC
Of Counsel

400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendant Antero Resources Corporation*

8280270

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH W. PARKER,

      Plaintiff,

v.                            CIVIL ACTION NO.: _____
                                    (Harrison County Civil Action No: 18-C-301-2)

SAFETY MANAGEMENT SYSTEMS, LLC,
and ANTERO RESOURCES CORPORATION,

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 3rd day of January, 2019, I electronically filed the

foregoing "*Notice of Removal*" with the Clerk of the Court using the CM/ECF System, which

will send notification of such filing to the following:

Scott H. Kaminski, Esquire
KAMINSKI LAW, PLLC
P.O. Box 3548
Charleston, WV 25335-3548
(304) 344-0444
skaminski@kamlawwv.com

*Counsel for Plaintiff*

Maria Greco Danaher, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place
Suite 1900
Pittsburgh, PA 15222
(412) 394-3390
maria.danaher@ogletree.com

*Counsel for Defendant Safety Management Systems, LLC*

8280270

I further certify that the foregoing document was sent to all counsel of record by depositing true and accurate copies thereof in the United States mail, postage prepaid, in envelopes marked with the above addresses.

/s/ *Mark G. Jeffries*

C. David Morrison (WV ID# 2643)
Mark G. Jeffries (WV ID # 11618)

STEPTOE & JOHNSON PLLC
Of Counsel

400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendant Antero Resources Corporation*

8280270