# EXHIBIT 1

SERVE

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

JOSEPH W. PARKER,

    Plaintiff,

v.

CIVIL ACTION: 18-C-301-2
JUDGE: BEDELL

SAFETY MANAGEMENT SYSTEMS, LLC, and
ANTERO RESOURCES CORPORATION,

    Defendants.

## SUMMONS

To:    Antero Resources Corporation
c/o CT Corporation System
1627 Quarrier Street
Charleston, WV 25311-2124

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Scott H. Kaminski, Plaintiff's Attorney, whose address is P.O. BOX 3548, CHARLESTON, WV 25335-3548, an Answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are requested to serve your answer within thirty (30) days of service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will thereafter be barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 12/4/2018

Albert F. Marano NW
Clerk of Court

9

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

JOSEPH W. PARKER,

    Plaintiff,

v.

CIVIL ACTION: 18-C-301-2
JUDGE: BEDELL

SAFETY MANAGEMENT SYSTEMS, LLC, and
ANTERO RESOURCES CORPORATION,

    Defendants.

## COMPLAINT

COMES NOW, Plaintiff, by counsel, and for his *Complaint* states the following:

### PARTIES AND JURISDICTION

1. At all relevant times, Plaintiff was a citizen of West Virginia resided in Doddridge County, West Virginia.

2. At all relevant times, Defendant Safety Management Systems, LLC (sometimes referred to as "SMS") was a West Virginia for-profit corporation licensed to do business in West Virginia, including Harrison County.

3. At all relevant times, Defendant Antero Resources Corporation (sometimes referred to as "Antero") was a Delaware for-profit corporation licensed to do business in West Virginia, and having an office location in Harrison County.

### VENUE

4. Venue appropriate in this Court because the Defendants have sufficient ties to Harrison County, West Virginia.

1

FACTS

5. Plaintiff began working for a company called FSI Fire Safety Investigation after transferring from a company called Environmental Site Safety which also performed services under contract to Defendant Antero.

6. During his employment Plaintiff performed his job duties in a satisfactory manner.

7. Plaintiff is an African-American.

8. Plaintiff began working for FSI on the Antero safety project on or about December 25, 2012.

9. In March of 2018, FSI was downgraded by Antero whose new preferred safety consultant vendor became SMS.

10. Plaintiff had worked for FSI for three months after March of 2018 in the Antero Water Operations Department after being transferred from the Antero Completions Department.

11. Antero began transferring safety consultant positions in the Water Operations Department to Defendant SMS.

12. In May of 2018, Plaintiff was required to interview with Antero management for the same position he held in the Water Operations Department with the understanding that he would transition to SMS employment.

13. Four Caucasian FSI employees were not required to interview with Defendant Antero for their positions in the Water Operations Department before transitioning to SMS employment.

14. Besides Plaintiff Parker, there was only one other African-American safety consultant in the Water Operations Department and he was also required to interview for his same

2

or similar position at Defendant Antero and was denied employment after working for one month in that same position.

15. All four Caucasian former FSI employees were hired by Defendant SMS for the Defendant Antero safety project without being interviewed by Defendant Antero.

16. The two African-American former ESI employees were not hired by Defendant SMS for the Defendant Antero project.

17. Plaintiff had the necessary experience and was qualified for the position available with Defendant SMS to work on its contract with Defendant Antero.

18. Specifically, Plaintiff Parker had been told by Field Safety Supervisor James Sarver of Defendant Antero that "[Y]ou'll never work again in the Antero universe."

19. Plaintiff Parker was not offered employment by Defendant SMS based on his race as an African-American which was a substantial motivating factor in Defendant SMS' decision not to hire him.

20. Plaintiff Parker's race was also a substantial motivating factor in Defendant Antero's decision to bar its contractor, Defendant SMS, from hiring Plaintiff Parker.

## COUNT I—*WVHRA* (RACE DISCRIMINATION)

21. Plaintiff realleges and incorporates herein each and every allegation contained in the preceding Paragraphs.

22. At all relevant times, Defendant SMS has employed twelve (12) or more employees in West Virginia.

23. Defendant SMS is an employer within the meaning of the WVHRA.

24. Plaintiff Parker is an individual within the meaning of the WVHRA.

3

25. At all relevant times, Plaintiff Parker was fully able and competent to perform the essential functions of his job.

26. At all relevant times, Plaintiff Parker was an African-American, and therefore, was a member of a protected class.

27. Defendant SMS engaged in an adverse employment action, including deciding not to hire Plaintiff Parker based on his race.

28. But for Plaintiff Parker's protected status, Defendant SMS would not have made the adverse employment action.

29. Defendant SMS's decision not to hire Plaintiff Parker constituted an unlawful discriminatory practice under the WVHRA.

30. Defendant SMS's actions and/or inactions were willful, wanton, and/or intentional and were undertaken with reckless disregard and indifference to the rights of Plaintiff Parker.

31. As a direct and proximate result of Defendant SMS's actions and/or inactions, Plaintiff Parker has suffered and will continue to suffer economic damages, including past, present, and future lost wages and benefits, in an amount to be determined by a jury.

32. As a direct and proximate result of Defendant SMS's actions/inactions, Plaintiff Parker has suffered and will continue to suffer emotional damages, including humiliation, mental pain and suffering, emotional distress, and embarrassment, in an amount to be determined by a jury.

33. As a direct and proximate result of Defendant SMS's willful, wanton, and intentional actions and/or inactions, Plaintiff Parker is entitled to punitive damages in an amount to be determined by a jury.

4

34. As a result of Defendant SMS's unlawful discriminatory practices, Plaintiff Parker is entitled to the costs of litigation, including attorney fees and costs.

35. As a direct and proximate result of Defendant SMS's actions and/or inactions, Plaintiff Parker has suffered and will continue to suffer damages and is entitled to all other legal or equitable relief that this Court may deem appropriate, in an amount to be determined by the jury.

## COUNT II – TORTIOUS INTEFERENCE

36. Plaintiff realleges and incorporates herein each and every allegation contained in the preceding Paragraphs.

37. Plaintiff Parker sought to and had a reasonable expectation of entering into an employment relationship with Defendant SMS for a position for which Plaintiff Parker was qualified by reason of education, skill, experience and previously having done the same job for another contractor for Defendant Antero.

38. Defendant Antero intentionally interfered with Plaintiff Parker's reasonable expectation of employment with Defendant SMS.

39. Defendant Antero's intentional interference caused Defendant SMS to decide not to offer employment to Plaintiff Parker for a position that he was qualified for as evidenced by the comment of James Sarver that "[Y]ou'll (Parker) never work again in the Antero universe."

40. Based upon Sarver's comment as an employee of Defendant Antero made in the course and scope of his employment, it is obvious that Defendant Antero influenced the decision of Defendant SMS not to hire Plaintiff Parker for the position for which he was qualified.

41. As a direct and proximate result of Defendant Antero's unlawful and tortious interference, Plaintiff Parker suffered damages.

5

42. The conduct described herein of Sarver attributable to Defendant Antero was willful, wanton, and/or intentional and were undertaken with reckless disregard and indifference to the rights of Plaintiff Parker.

43. As a direct and proximate result of Defendant Antero's actions and/or inactions, Plaintiff Parker has suffered and will continue to suffer economic damages, including past, present, and future lost wages and benefits, in an amount to be determined by a jury.

44. As a direct and proximate result of Defendant Antero's actions/inactions, Plaintiff Parker has suffered and will continue to suffer emotional damages, including humiliation, mental pain and suffering, emotional distress, and embarrassment, in an amount to be determined by a jury.

45. As a direct and proximate result of Defendant Antero's willful, wanton, and intentional actions and/or inactions, Plaintiff Parker is entitled to punitive damages in an amount to be determined by a jury.

46. As a direct and proximate result of Defendant Antero's actions and/or inactions, Plaintiff Parker has suffered and will continue to suffer damages and is entitled to all other legal or equitable relief that this Court may deem appropriate, in an amount to be determined by the jury.

WHEREFORE, Plaintiff Joseph W. Parker prays for the following relief:

a. That the Court award Plaintiff relief for all compensatory damages set forth in this Complaint, including past, present, and future lost wages, humiliation, mental pain and suffering, emotional distress, and embarrassment;

b. That the Court award Plaintiff all damages available to Plaintiff under the *West Virginia Human Rights Act*, 5-11-1, *et seq.*

c. That the Court award Plaintiff punitive damages;

d. That the Court award Plaintiff the costs of litigation, including attorney fees and costs;

e. That the Court award pre-judgement and post-judgment interest; and

f. That the Court award all other legal relief that this Court deems appropriate or that may be available under applicable law.

Plaintiff demands a trial by jury on all issues so triable.

JOSEPH W. PARKER,

BY COUNSEL,

Scott H. Kaminski (WVSB #6338)
Kaminski Law, PLLC
P.O. Box 3548
Charleston, WV 25335-3548
(304) 344-0444
(304) 344-4411 fax
skaminski@kamlawwv.com

7

IN THE CIRCUIT COURT OF _____HARRISON_____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 18-C-301-2
Judge: BEDELL

Plaintiff(s)
Joseph W. Parker

vs.
Defendant(s)
Safety Management Systems, LLC.
Name
1627 Quarrier Street
Street Address
Charleston, WV 25311-2124
City, State, Zip Code

Days to Answer: 30
Type of Service: WVSOS

**II. TYPE OF CASE:**
- [✓] General Civil
- [ ] Mass Litigation [As defined in T.C.R. 26.04(a)]
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No   CASE WILL BE READY FOR TRIAL BY (Month/Year): 12 / 2019

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**
[ ] Yes [✓] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Scott H. Kaminski, WV BAR: 6338
Firm: Kaminski Law, PLLC
Address: PO Box 3548, Charleston, WV 25335
Telephone: (304) 344-0444
[ ] Proceeding Without an Attorney

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and 3 copies of complaint enclosed/attached.
Dated: 11 / 30 / 18   Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 12/2015

Plaintiff: Joseph W. Parker , et al    Case Number: 18-C-301-2
vs.
Defendant: Safety Management Systems, LLC, , et al

## CIVIL CASE INFORMATION STATEMENT
### DEFENDANT(S) CONTINUATION PAGE

Defendant's Name: Antero Resources Corp., c/o CT Corp. System
Street Address: 1627 Quarrier Street
City, State, Zip Code: Charleston, WV 25311-2124
Days to Answer: 30
Type of Service: WVSOS

Defendant's Name:
Street Address:
City, State, Zip Code:
Days to Answer:
Type of Service:

Defendant's Name:
Street Address:
City, State, Zip Code:
Days to Answer:
Type of Service:

Defendant's Name:
Street Address:
City, State, Zip Code:
Days to Answer:
Type of Service:

Defendant's Name:
Street Address:
City, State, Zip Code:
Days to Answer:
Type of Service:

Defendant's Name:
Street Address:
City, State, Zip Code:
Days to Answer:
Type of Service:

Defendant's Name:
Street Address:
City, State, Zip Code:
Days to Answer:
Type of Service:

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page    Revision Date: 12/2015